Next case for argument, Brian Dwayne Brookins v. Jonathan Laureano May I have a moment? Good morning. Scott Kornbaum for Mr. Brookins. This Court has made clear its preference that cases be decided on the merits and that when confronted with a motion to dismiss, or in this case, the district court performing its 28 U.S.C. section 1915 review, that parties be, plaintiffs be given an opportunity to amend and be told what deficiencies exist. Here, that's what the district court should have done, Justice Gerasi should have done, after first performing its review and saying to Mr. Brookins, your complaint raises the issue as to whether there's a heck problem, so I'm dismissing the complaint, not for frivolousness, but for failure to state a claim. Mr. Brookins then filed an amended complaint that, as Justice Gerasi indicated, satisfied heck, made clear that there was no longer a heck problem because the state court and federal court prosecutions had been dismissed in this case because of motions to suppress. What Justice Gerasi didn't do when performing his review of the amended complaint is indicate to Mr. Brookins, hey, we have a malicious prosecution problem. And again, this appeal, I just want to make clear, only addresses Mr. Brookins' malicious prosecution claim and the district court's failure to grant motion to amend. And so why did he do this? I think, since there was no discussion of frivolousness, I think it's fairly clear that Justice Gerasi believed that any motion to amend would be futile, and that's where we think he erred. Can I just jump in for a second? Of course. Was there an actual request, a motion to amend filed, or was the motion to amend specifically sought after the dismissal? No, but given the posture, that would never take place. That couldn't take place. Because remember, he's pro se, and he's filing the complaint, and there's no opposition at this point, because Justice Gerasi is performing the 1915 review. And so it's not as if the City of Rochester law department's coming in and, say, filing a motion to dismiss. So the answer to your question is no, there was not a request. But procedurally, that's just not realistic. I don't think Mr. Brookins would have had that opportunity. Again, I think it's significant that he's pro se, and so he doesn't know the niceties of the civil rights, the civil procedure laws. But what he could do, and what he did do, was show that when it was noted where there was a failure, he took steps and adequately addressed that. Assuming, and I think it's a safe assumption, and I don't think Appelli disagrees that he dismissed the case on frivolousness, not frivolousness, I'm sorry, failure to state a claim, and that gets us to this Court's decision in Boyd v. the City of New York, where this case made clear that when a law enforcement officer takes steps to see that a criminal prosecution is commenced and knows that it cannot proceed to succeed, then a malicious prosecution claim is due. He's driving a rental car? Yes. And he is unlicensed? That doesn't appear in the record. Is there any dispute about it? I can't answer that, Judge, because I inquired. But you represent him? No, I understand that. I'm not going to say, yes, I asked. I didn't get a clear answer. I didn't. You can't aver that he is, that he has a license? I cannot say that he, at the time that he did or did not have a license. Well, but the important point is you can't say he did have one. That is correct, Judge. I want to be perfectly clear. You don't have to give him away by saying he didn't, but you can't say he did. Right. But I will say, as we noted in our reply brief, that this Court's review is limited to the complaint and the representations. And there is, there are references at time the magistrate judge made references to the fact that he was not licensed, that he did not, that I think it was a suspended license. He made references to. Right. Did he say it? I'm sorry? You say he made references to. That's rather a blight. Did he say it? I didn't review the transcript of the R&R. No. Okay? But what is here before, I will say that if you look at 72 and 73 of the joint appendix, Justice Siragusa went, referenced a series of facts. He was adopting some of the facts from the R&R, and he was rejecting some of the facts, and there is no reference there to the license being suspended. The magistrate judge did. It appears that way, Judge, yes. It appears. Okay? Please don't think that I'm hiding anything. I don't know the answer to that. Well, if it's so, is that the end of the case? I fear that that would be the end of the case, because then he would not have had standing to challenge the Fourth Amendment search and seizure. But isn't that transcript you referred us to, isn't there a finding that the government had, in fact, conceded standing? Yes. Okay. I'm sorry. I think 72 and 73, which you're referring to, that's a transcript, right, where the court says the government at no time ever argued standing, and then comes back and says the government conceded that the defendant had standing to contest the search. Now, I think the discussion is about the Fourth Amendment claim, which is not pursued, but it's in the same case. Yes. Oh, absolutely. Absolutely, Judge, and I agree. So if, you know, Apelli also argues that Mr. Brookings can't – and again, I'm now turning to the merits judge. If you have any other additional questions regarding the standing issue, I'll do my best to address them, although I have to confess I think I've exhausted my knowledge on that issue. But as far as whether he stated a claim or not, as far as being able to overcome the presumption, which was one of the reasons Justice Gerasi gave as far as why there's no valid malicious prosecution claim, and again, there was no discussion of standing he said that he can't overcome the presumption because he clearly was indicted. There's no dispute about it. But so was Boyd, right? And the issue in Boyd, everything turned on where Miranda warnings were given, right, or whether Miranda warnings were given. And so Boyd claimed he was arrested, right, inside his apartment or house, I don't remember. It truly doesn't make a difference. The police officer said he was arrested on the stairs, right, after he made a statement. And this court indicated that that fact alone, right, gave rise to overcome the presumption because there was a disputed issue of fact as to whether he made the statement when he was already arrested and in custody because if that were the case, it would have been a Miranda violation. And what that meant is the police would have known that that statement was inadmissible under any circumstance, and without that statement, there wasn't any basis to commence the criminal prosecution. And we have the same thing here, or at least let me rephrase that. The record reveals repeated lies by Lori, I don't know, that a jury could find. For example, there's the issue of one basis to search the car was because he allegedly smelled marijuana. The government itself gave up that because two other people were involved in the search of the car and neither said they smelled any marijuana. And I think even, I mean, I thought it was quite telling when the government wouldn't even put Lori on the stand regarding that issue. Where the search occurred, you know, that was significant. When the search occurred, it could have occurred before the tow. I see my time is up. But so there are facts in the record which, if Mr. Brookings was given the opportunity to amend, he would be able to, at least for pleading purposes, overcome the presumption. I've reserved a couple of minutes for rebuttal, and if there are no other questions, I'll see you then. Good morning. May it please the Court, Patrick Feith for the appellee, Jonathan Laureano. I want to address two points and start with one that Judge Lee raised right out of the gate. Mr. Brookings is asking for something from this Court that he never asked for below, leave to amend to make more robust his malicious prosecution claim. But doesn't the initial review order end with that discussion by saying it's dismissed with prejudice? It does have the language with prejudice, Your Honor. I don't disagree with that. But I will also say that the scheduling order that was implemented by the magistrate judge had deadline to file motions to amend. Mr. Brookings' arguments before this Court is that during the course of discovery and by the time we came to summary judgment, he had facts that he could have put in an amended pleading. We hear nothing about — But he is a pro se plaintiff here. And so certainly it seems to be expecting a bit much that having been told that it's being dismissed with prejudice, that he necessarily will take it upon himself to further move to amend. I agree with Your Honor that as a pro se plaintiff, he needs to be treated and given certain opportunities that a representative plaintiff might not be entitled to. The fact of the matter is he did get representation following the summary judgment motion practice and before trial. The issues we're discussing today were raised before trial. The Federal Rules, Federal Rule 15b specifically talks about amending the pleadings at the time of trial essentially to conform the pleadings to the proof. And that motion was never made when he had counsel. Well, what about — I mean, is it problematic even though in the first instance that this dismissal was with prejudice, given that there was no indication of the deficiencies in the complaint? I mean, the court doing its initial review highlighted certain deficiencies. Those are addressed in the admitted complaint. And then the court dismisses on something different and does it with prejudice. Doesn't that seem a little problematic? It seems it would have been better to leave the words with prejudice out of the decision. But it did give a rationale for the reason for the dismissal and certainly had plaintiff wanted to raise those issues, he could have, particularly after he was represented. The second point I want to make is that even if he had, the amendment that he seeks to make now would be futile. One of those reasons is the Lyle 2 decision, which we've gotten at a little bit. But I want to focus on actual probable cause. When the vehicle was searched, an illegal handgun and illegal drugs were found in the vehicle, the vehicle that Mr. Brookins was operating. That's probable cause to support the charges of criminal possession of a weapon and criminal possession of a controlled substance. Probable cause is a complete defense to malicious prosecution. Unlike in the criminal sphere, in a 1983 action, the fruit of the poisonous tree doctrine does not apply. There's no suppression of evidence. And so even if, for argument's sake, the search were determined to be bad, upon finding the illegal gun and the drugs in the car, that's probable cause to maintain the prosecution. And so even if the complaint were amended in the manner that plaintiff seeks now, it would be a futile amendment because the probable cause would defeat the malicious prosecution claim. Even if those items could be suppressed? Even if those items could be suppressed. So the exception in Boyd where we say, look, you know, these presumptions don't apply if there's evidence that the officers lied, for example, right, to obtain the warrant, none of that matters if they lied, if their misconduct was connected to finding the evidence they then used for the probable cause to arrest? In the civil action, no. That's what the Towns v. City of New York stands for, that the prosecutor's action breaks the chain of causation and that there's no fruit of the poisonous tree doctrine. So as long as there's probable cause based on the evidence found, the malicious prosecution claim cannot stand. You going to say anything about standing? Yes, Your Honor. We believe that there is record evidence. Plaintiff was arrested for aggravated unlicensed operation of a vehicle. I believe in his deposition he admitted to not having a license at the time of the arrest. And I think the same was found by the court in the criminal action, that the government conceded standing in the criminal action is of no moment in the civil action, and I think they were doing that under the rationale of Lyle I before Lyle II had been decided. So it would be our position that he does not have standing to challenge the search. Was the car in his driveway at the time of the search? The car was in his driveway. Does that affect that discussion? Is that something that the trial court should get to discuss in the first instance? I don't think it does under Lyle II. This is not tantamount to the case, the name of which escapes me now, where the officers go up the driveway and peek under the tarp to see the motorcycle. Here they had a rationale for the stop, and then upon determining that he was unlicensed and was not the rightful renter of that car under Lyle II, he just does not have standing to challenge that search. Even if it's in the cartilage of his home? Correct. Should we be? I mean, one thing that this case is in somewhat of an unusual posture. I mean, typically for this type of dismissal we would be looking at the pleadings, and here a lot of what we've been discussing are things that are not technically in the pleadings. And so is it appropriate for us to go ahead and make these rulings based on this other information that came out in, I guess, discovery and pretrial? I mean, is that a problem, or is it something that we should send this back to the district court to handle? I think that circles back in some way to my initial argument. Had an application been made to the district court after plaintiff had counsel, it would have come with a proposed amended pleading, which we don't have. That's really procedurally what should have happened here. There should have been an application to amend the complaint at the time of trial, and if that didn't go plaintiff's way, then he'd have grounds for an appeal. But this would be to add a whole claim. You had mentioned sort of conforming the proof to the – but the amendment here would be, you know, to add back an entire count to the complaint, not simply to make some tweaks. I don't think they're a difference. I mean, I think that's exactly why the Federal rules require a proposed amended pleading when there's an application for leave to amend before trial or at the time of trial, so that we can see what the pleading is and whether it passes muster. Do you know when counsel was first appointed for plaintiff below? I know it was following summary judgment practice and before trial scheduling conference. I don't have a date. It looks like this – the initial review order, which I'm learning not everybody shortens to IRO, so I'm trying to get better about that, is October 25, 2018, and trial is in 2022. So it could have been three years later that counsel was appointed. And so the theory is that the district court – that the counsel should have moved to amend and that we think the district court very well might have granted that motion to add back the malicious prosecution claim on which no discovery had been conducted, right? It's a do-over at that point. I mean, I'm not going to concede that the district court would have granted that motion. I think, in fact, they would have denied the motion on futility grounds and on standing grounds. But the motion should have been made. Well, if he does it outstanding, is that the end of it? Yes. Unless there are any other questions, I'll rest on my papers. Thank you. All right. Thank you. To answer your question, Judge, a pretrial order setting the case for trial. There was a jury trial set for April 18 by order dated November 8, 2021. That's at – I'm reading from the docket sheet. That's 07 of the Joint Appendix. And then approximately to five months later, counsel makes its appearance. It's a heavy ask to have counsel come in at the last minute to then at some point make a motion pursuant to Rule 15B to conform the pleadings to the evidence when there hasn't even been a trial. There's different standards of review. One would be an abuse of discretion standard, whereas here it's de novo, although typically a motion to amend is an abuse of discretion standard. But given that we're – but as we lay out in this Court's made clear, under these circumstances, it's a de novo review. As far as the issue with fruit of the poisonous tree, unless I'm forgetting my criminal procedure law, the issue in void, the evidence in void, the statements made – and again, there was no dispute that the statements were made. It was just when they were made for purposes of the issue of Miranda and the exclusionary rule. I would think those statements were fruit of the poisonous tree as well. And I think the fruit of the poisonous tree doctrine, as articulated in Towns, it's important to keep in mind that Towns did not have a malicious prosecution claim. Judge Jacobs made clear that that was the argument that this Court was being proffered by, being advanced by plaintiff appellant in the case. Actually, it may have been appellee, but by the plaintiff in the case. And there was only claimed for search and seizure violations. And so that case really turned more, I think, on the disconnect between the nature of the constitutional violation and the relief sought. I see my time is up, unless there's any further questions. Thank you very much. All right. Thank you. Thank you both. We will take the case under advisement. So that concludes our appeals for argument. And we have a couple of appeals on submission. But now we have also